FILED
JEANNE A. NAUGHTON, CLERK
**DEC. 4, 2020**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: *Zelda Haywood*
DEPUTY

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>**Bawer Aksal**<br><br>      Debtor. | Case No.:  17- 12555-JKS<br><br>Adv. No.:  18-01208-JKS<br><br>Chapter:  13<br><br>Judge:  Hon. John K. Sherwood |
| **Bawer Aksal,**<br><br>      Plaintiff,<br><br>  v.<br><br>**Trinity Financial Services, LLC,**<br><br>      Defendant. | |

**DECISION AND ORDER RE: DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. 30)**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: December 4, 2020

Debtor:    Bawer Aksal
Case no.:   17-12555  (Adv. Pro. 18-01208-JKS)
Caption:   **Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)**

## FACTS AND PROCEDURAL HISTORY

In this adversary proceeding, plaintiff Bawer Aksal ("Mr. Aksal") seeks a declaratory judgment stripping the mortgage lien placed by Fort Lee Federal Savings Bank, F.S.B. ("FLFSB") against his property located at 325 79th Street, Apt. 51, North Bergen, New Jersey and eliminating all debts allegedly owed by Mr. Aksal to FLFSB. Mr. Aksal is a debtor in Chapter 13 proceedings filed in this Court on February 10, 2017. In the Complaint, Mr. Aksal claims that he is the victim of fraud committed by FLFSB because he never entered into a mortgage loan transaction with FLFSB and the mortgage and note are fabrications. (Doc. 1). The allegedly fraudulent documents include (1) a September 28, 2006 note to FLFSB, in the amount of $152,700.00 (the "Note"); (2) a mortgage dated September 28, 2006 for the same amount in favor of FLFSB, which was recorded in the Hudson County Register of Deeds on December 21, 2006 (the "Mortgage"); and (3) a March 17, 2009 Modification of Mortgage with FLFSB in the amount of $162,002.44 with a decreased interest rate of 6.00% and a new extended maturity date of March 1, 2039. This modification was recorded in the Hudson County Register of Deeds on March 27, 2009. (Claim No. 3-1). All of these documents appear to be signed by Mr. Aksal. They are also witnessed and notarized.

On April 20, 2012, the Office of the Comptroller of the Currency closed FLFSB and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. The FDIC entered into a Purchase and Assumption Agreement with Alma Bank. The Mortgage and Note, as modified, were assigned to Bayview Loan Servicing, LLC. Ultimately, on January 24, 2017, the

Debtor: Bawer Aksal
Case no.: 17-12555 (Adv. Pro. 18-01208-JKS)
Caption: **<u>Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)</u>**

Note and Mortgage were assigned to Trinity Financial Services, LLC ("<u>Trinity</u>"), the defendant in this adversary proceeding. (Doc. 30).

On February 27, 2018, Trinity filed its Proof of Claim (Claim No. 3-1) in the secured amount of $199,197.15. On April 24, 2018, Mr. Aksal filed a Motion to Expunge Trinity's Proof of Claim contending that it was untimely. (Case 17-12555, Doc. 58)[1]. Trinity asserted that it never received notice of the bankruptcy until after the bar date. The motion to expunge was denied by Order entered June 18, 2018. (Case 17-12555, Doc. 67).

As set forth above, Mr. Aksal used this adversary proceeding to challenge the FLFSB Mortgage and Note, held by Trinity, based on fraud. Trinity's initial response was to file a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), which was denied by Order dated June 20, 2018. (Doc. 9). This motion did not challenge the jurisdiction of the Court. Trinity filed its Answer on June 20, 2018 (Doc.10) which denied the allegations of fraud but, again, did not object to the Court's jurisdiction.

Thereafter, there was very little, if any, substantive action in this adversary proceeding for almost two (2) years. Based on a review of the docket, if appears that the delay was due to Mr. Aksal being incarcerated; unsuccessful attempts at mediation; an unsuccessful motion by Mr. Aksal's counsel to be relieved; and a change of counsel by Trinity. In Mr. Aksal's underlying Chapter 13 case, his initial plan was filed on February 10, 2017 and two modified plans were filed on February 20, 2017 and May 19, 2017. (Case 17-12555, Docs. 3, 18, 42). The case was

---

[1] Mr. Aksal did not argue at this point that the claim should be expunged on the basis of fraud. However, Exhibit C to the Motion included a handwritten statement on his Schedule D that a mortgage claim by SN Servicing Corporation, "was incurred through fraud and that it should be entirely expunged."

Debtor:   Bawer Aksal
Case no.: 17-12555  (Adv. Pro. 18-01208-JKS)
Caption:  **<u>Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)</u>**

confirmed on June 8, 2017. (Case 17- 12555, Doc. 48). A third modified plan was filed on June 7, 2019. (Case 17-12555, Doc. 78).  None of these plans provide for any payment to Trinity.  On June 18, 2019, the Trustee filed an objection to the modified plan which included an objection based on feasibility, specifically because Trinity's secured claim was not included. (Case 17-12555, Doc. 83).  On May 6, 2020, Trinity transferred its claim to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of the Aspen Holding Group ("<u>Aspen</u>"). (Case 17-12555, Doc. 104).  On June 25, 2020, the Trustee's objection to confirmation was withdrawn and on June 29, 2020, the modified plan was confirmed. (Case 17-12555, Doc. 108).

On August 3, 2020, Mr. Aksal's motion to compel Trinity, Aspen, or their successors to disgorge $14,331.80 that had been paid to Trinity by the Chapter 13 Trustee was granted by the Court. (Case 17-12555, Doc. 116). The Court granted Mr. Aksal's motion because the validity of the Note and Mortgage was still in dispute. Also, because the funds being disgorged were to be paid to the holder of a mortgage that was senior to the Trinity/Aspen Mortgage, there would be little prejudice to Trinity/Aspen even if the Mortgage and Note are ultimately deemed valid. Generally, the Chapter 13 case has been proceeding as though the Trinity/Aspen claim will be deemed invalid.  To the extent that the Mortgage and Note are legitimate, Mr. Aksal's Chapter 13 case may not be feasible.

Trinity filed the motion for summary judgment now before the Court on August 24, 2020. (Doc. 30). The motion makes the following arguments – (1) Trinity is no longer a party in interest because it transferred the Note and Mortgage to Aspen on April 27, 2020; (2) Mr. Aksal's claims

Debtor:    Bawer Aksal
Case no.:  17-12555  (Adv. Pro. 18-01208-JKS)
Caption:   **Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)**

are subject to the mandatory administrative claim procedure established by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") and thus the Bankruptcy Court lacks jurisdiction; (3) Trinity is protected from liability based on the acts of FLFSB because it is a holder in due course; and (4) Mr. Aksal has not pled, and cannot prove, fraud on the part of FLFSB. The Court heard oral argument on Trinity's motion on September 22, 2020 and the issues have been extensively briefed. The last argument was submitted to the Court on October 9, 2020 (Doc. 42) and the motion is ready to be decided.

## DISCUSSION

1. *Party in Interest.*

Trinity contends that it is no longer a party in interest because it transferred the Note and Mortgage to Aspen on April 27, 2020. On September 22, 2020 during oral argument, counsel recognized that Trinity had a duty to indemnify the transferee of the Note and Mortgage and thus was still interested in resolving the issue as opposed to restarting with Aspen as the new defendant. Trinity was the named defendant and attended oral argument to prosecute the summary judgment motion even though it argued that it no longer held a financial stake. As discussed on the record, substituting Aspen into the case as the defendant can be discussed by the parties if necessary. Summary judgment on this ground is denied.

2. *Bankruptcy Court Jurisdiction / FIRREA.*

Mr. Aksal failed to submit a claim and exhaust his remedies under FIRREA before filing this adversary proceeding against Trinity in 2018. Generally, FIRREA gives the FDIC broad powers to determine claims asserted against failed banks. "The comprehensive claims process

Page 6
Debtor: Bawer Aksal
Case no.: 17-12555  (Adv. Pro. 18-01208-JKS)
Caption: **Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)**

allows the FDIC to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks without unduly burdening the District Courts." *Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 537 (9th Cir. 2019) (internal citation omitted).

Thus, FIRREA sets forth a mandatory administrative process that customers must follow to assert claims against failed banks and the entities that purchase their assets from the FDIC. If a party's claim arises out of the acts of a lender that is or was in FDIC receivership, the borrower must first exhaust the FIRREA procedure. Specifically, 12 U.S.C. §1821(d)(13)(D) provides that, absent administrative exhaustion, no court shall have jurisdiction over:

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

The Third Circuit has recognized, "FIRREA's claims procedure in section 1821(d) is exclusive." *Fed. Deposit Ins. Corp. v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991). "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821." *Id*.

Against this background, Trinity argues that this adversary proceeding is an "action seeking a determination of rights with respect to, the assets [of FLFSB]" and thus FIRREA's mandatory claim procedure is triggered. The Note and Mortgage were assets of FLFSB and Mr. Aksal has filed this adversary proceeding seeking a determination that those assets are null and void. Mr.

Aksal contends that the Court should consider substance over form on this issue. Though Mr. Aksal is the plaintiff in this action, he seeks nothing from FLFSB or Trinity. All he really seeks is a determination that the secured claim filed by Trinity in this case should be disallowed. In this sense, Mr. Aksal contends that he is in a defensive posture. And, he suggests that parties who assert defenses to parties holding assets acquired from a failed bank do not have to use the FIRREA administrative process to raise those defenses.

In *National Union Fire Insurance Co. v. City Savings, F.S.B.*, 28 F.3d 376, 392 (3d Cir. 1994), the Third Circuit held that FIRREA's administrative requirements apply to both creditors and debtors, and prohibit a court from exercising jurisdiction over a declaratory judgment action if the administrative process was not exhausted and the allegations stem from "the acts or omissions" of the failed bank. The plaintiffs in *National Union* were insurers of a financial institution seeking a declaratory judgment that they had the right to rescind insurance policies. *Id*. at 380-81. The Court held that the insurers had to bring these claims in the FIRREA claim process even though they were not asserting a right to payment. *Id*. at 389. In this adversary proceeding, Mr. Aksal affirmatively seeks a declaratory judgment to void the underlying Mortgage and Note. This is not permitted unless he exhausted his administrative remedies under FIRREA.

Given that this adversary proceeding has been pending for nearly three (3) years, the dismissal of the case at this stage on jurisdictional grounds seems impractical and wasteful. There is no doubt that the issue should have been raised in Trinity's first motion to dismiss in 2018. But this is what Trinity wants and the subject matter jurisdiction of this Court can be challenged at any time. *See In re Stewart*, 473 B.R. 612, 626 (Bankr. W.D. Pa. 2012). As the Ninth Circuit explained,

Page 8
Debtor:    Bawer Aksal
Case no.:  17-12555  (Adv. Pro. 18-01208-JKS)
Caption:   **Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)**

"[i]f a claim has not been exhausted through this process, FIRREA strips courts of jurisdiction over … any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver …; or … any claim relating to any act or omission of such institution or the [FDIC] as receiver." *Shaw*, 946 F.3d at 538. Mr. Aksal was required to exhaust the administrative remedies of FIRREA; thus, this adversary proceeding will be dismissed because this Court does not have jurisdiction.

Counsel for Mr. Aksal has suggested that he can have this Court adjudicate his fraud allegations against FLFSB in a different procedural context – an objection to Trinity's Proof of Claim. (Doc. 40). There is merit to the argument that FIRREA's jurisdictional bar does not apply to defenses or affirmative defenses. *See National Union*, 28 F.3d at 393-94; *In re Stewart,* 473 B.R. at 628-29. And, an objection to a proof of claim filed in a bankruptcy case by a creditor seeking payment in the case seems like a defensive action. The Court agrees that this may be the most efficient process if the parties want to finally resolve this issue concerning the validity of the Note and Mortgage. Otherwise, Mr. Aksal's Chapter 13 case will remain in a holding pattern while the dispute winds its way through the FIRREA claim process – which may be followed by litigation in the District Court or this Court.

Since the Court has granted summary judgment dismissing the case for lack of jurisdiction, Trinity's arguments as to its status as a holder in due course and the sufficiency of Mr. Aksal's fraud claims need not be addressed at this time.

Case 18-01208-JKS    Doc 43    Filed 12/04/20    Entered 12/04/20 14:59:55    Desc Main
Document    Page 9 of 9

Page 9
Debtor:     Bawer Aksal
Case no.:   17-12555  (Adv. Pro. 18-01208-JKS)
Caption:    **Decision and Order Re: Defendant's Motion for Summary Judgment (Doc. 30)**

## CONCLUSION

For the foregoing reasons, Trinity's motion for summary judgment for dismissal based on lack of jurisdiction is granted.